Eric G. Goodrich (11050)
KC Hooker (18018)
BENNETT TUELLER JOHNSON & DEERE
Attorneys for Plaintiff
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-02000
Email: egoodrich@btjd.com
    kchooker@btjd.com

_____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of KR PLUMBING & MECHANICAL, LLC, a Utah limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>PM JENKINS-PROFESSIONAL MANAGEMENT SERVICES, LLC dba W4 CONSTRUCTION GROUP, LLC, a Michigan limited liability company; PERCY M. JENKINS, an individual; GREAT AMERICAN INSURANCE COMPANY; and DOE SURETIES 1-10,<br><br>Defendants. | **COMPLAINT**<br><br><br>Case No. _____<br><br>Judge _____ |

The United States of America for the use and benefit of Plaintiff KR Plumbing &

Mechanical, LLC ("**KR**"), through its counsel, hereby complains against the above-named

Defendants, and alleges as follows:

## DESCRIPTION OF THE PARTIES

1. KR is a Utah limited liability company with its principal place of business in Weber County, Utah.

2. Defendant PM Jenkins Professional Management Services, LLC dba W4 Construction Group, LLC ("*W4*") is a Michigan limited liability company doing business in Utah.

3. Defendant Percy M. Jenkins ("*Jenkins*") is an individual residing in the State of Michigan who conducts substantial business on behalf of W4 Construction in the State of Utah.

4. Defendant Great American Insurance Company ("*Great American*") is a corporate surety engaged in the business of providing surety bonds for federally funded construction projects, including within the State of Utah.

5. Defendants Doe Sureties 1-10 are presently unknown, but may be other principals, sureties, and/or obligees under one or more bonds issued in connection with the construction projects at issue in this dispute or may otherwise be liable to KR for payments of the amounts described herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Federal Miller Act, 40 U.S.C. § 3131, *et seq.* and 28 U.S.C. § 1331 in that the matter in controversy is nonpayment in materials furnished for the federal government under the Hill Air Force Base Simplified Acquisition Base Engineering Requirements (SABER) contract covering multiple

2

improvements on various real property facilities located at Hill Air Force Base, Utah (the "*Project*").

7. This Court has supplemental and pendant jurisdiction over this action pursuant to 28 U.S.C. § 1367 because certain claims that are not subject to the Miller Act, but are pendant and derivative from the common operative facts of the Miller Act claim and, therefore, form part of and are ancillary to the Miller Act claim, are included in this action.

8. This Court has personal jurisdiction over Defendants because they conduct business in the State of Utah.

9. Venue properly lies in this Court pursuant to 40 U.S.C. § 3133(b)(3).

## GENERAL ALLEGATIONS

10. KR is a contractor that provides plumbing, mechanical, and HVAC labor and materials throughout the State of Utah.

11. The United States Air Force or a subdivision thereof (the "*Government*") entered into a contract with W4 whereby W4 agreed to provide construction labor and materials to the Project, in accordance with the terms and conditions of that certain contract identified as Contract No. FA820122D0004 (the "*Prime Contract*").

12. The Project is a federally funded construction project of over $100,000 which is governed under and subject to the Miller Act, 40 U.S.C. § 1331, *et seq*.

13. W4, as principal, and Great American, as surety, issued Payment Bond No. 3964929 (the "*Bond*") as required under the Miller Act for the benefit of persons providing labor and material for use in connection with the Project.

3

14. KR entered into a Subcontractor Agreement with W4 pursuant to which KR agreed to provide plumbing, mechanical, and HVAC labor and materials to the Project which were required under the Prime Contract (the "*KR Subcontract*").

15. The Bond was issued in the penal sum of $5 million.

16. W4 is the principal under the Bond.

17. The Bond was duly accepted by the Government and the Prime Contract for the Project was awarded to W4.

18. Upon information and belief, the Bond was subsequently amended or renewed to cover additional work performed on the Project.

19. Pursuant to the KR Subcontract, W4 agreed to pay KR for the labor, materials, and/or equipment provided by KR to the Project.

20. KR fully performed its obligations under the KR Subcontract.

21. To date, W4 has failed to compensate KR for much of the labor and materials KR provided to the Project.

22. Pursuant to the Bond, Great American and W4 are bound to all subcontractors and suppliers, including KR, who furnished services, materials, and equipment to the Project, including paying for all such labor, materials, and equipment.

23. On or about April 24, 2024, Jenkins had a phone conversation with KR's owners wherein KR's owners expressed concerns about W4's ongoing non-payment in connection with the Project and stated that KR was not willing to continue working on the Project without being paid.

24.     During the phone call, Jenkins tried to convince KR to keep working on the Project, and he assured KR's owners that if KR continued working, he would personally ensure that KR would be paid for its work on the Project.

25.     In reliance on Jenkins' assurances that he would personally ensure payment, KR informed Jenkins that it would continue working on the Project despite not having been timely paid.

26.     The same day, following the phone conversation, Jenkins emailed KR's owners and stated, "As discussed KR is willing to move forward on our existing projects if I give you my word that you will be paid and as I told you I guarantee you W4 will make sure you are paid for the work you do for us."

27.     Jenkins's repeated promises that he would personally ensure that KR would be paid for its work were made with the intent to convince KR to keep working on the Project despite not having been paid, and constitute an enforceable personal guaranty of W4's obligations to KR, by Jenkins individually (the "*Guaranty*").

28.     In reliance on the Guaranty, KR continued working on the Project despite not having been paid.

29.     To date, there is due and owing to KR the principal sum of $48,284.90 for the labor and materials it provided to the Project. However, despite KR's request for payment, W4 and Jenkins have failed and refused to make any further payments toward the unpaid balance.

30.     The purpose of KR's action is to assert its claims against the Defendants, including its claim on the Bond, as well as its contract claims against W4 and Jenkins.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract Claim Against W4)**

31. KR hereby incorporates by reference the allegations set forth above as if fully set forth herein.

32. The KR Subcontract constitutes a valid and enforceable contract whereby KR agreed to provide labor and materials to the Project in exchange for W4's promise to pay KR all amounts owed under the KR Subcontract.

33. KR has satisfied its obligations under the KR Subcontract.

34. W4, on the other hand, has materially breached the KR Subcontract by, among other things, failing to pay KR all amounts owed under the KR Subcontract.

35. Due to W4's failure to pay for the labor and materials that KR provided to the Project, KR has incurred damages of not less than $48,284.90, together with interest, costs, and attorneys' fees pursuant to the KR Subcontract.

36. KR is therefore entitled to judgment as set forth below in the Prayer for Relief.

## SECOND CLAIM FOR RELIEF
**(Breach of Personal Guaranty – Against Jenkins)**

37. KR hereby incorporates by reference the allegations set forth above as if fully set forth herein.

38. The Guaranty constitutes a valid and enforceable contract with Jenkins pursuant to which KR agreed to supply labor and materials to W4 and the Project in exchange for Jenkins's promise to guarantee payment of all amounts owed by W4 to KR in accordance with the terms of the KR Subcontract.

39. KR has satisfied all of its contractual obligations.

40. Jenkins, on the other hand, materially breached the terms of the Guaranty by, among other things, failing to pay KR all amounts owed when due.

41. As a direct and proximate result of Jenkins's breach of the Guaranty as described above, KR has incurred, and continues to incur, significant damages of at least the principal sum of $48,284.90, together with interest, costs, and attorneys' fees, the exact amount to be proven at the trial of this matter.

42. KR is therefore entitled to judgment against Jenkins as set forth below in the Prayer for Relief.

## THIRD CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing – Against W4 and Jenkins)

43. KR hereby incorporates by reference the allegations set forth above as if fully set forth herein.

44. As a matter of law, an implied covenant of good faith and fair dealing is contained in the KR Subcontract and the Guaranty, requiring W4 and Jenkins to refrain from any action that deprives KR of the benefit of the parties' agreements.

45. W4 breached the implied covenant of good faith and fair dealing by failing and refusing to pay for the materials KR provided to the Project in reliance on W4's promise to pay for such materials in the KR Subcontract.

46. Jenkins breached the implied covenant of good faith and fair dealing by failing and refusing to pay for the materials KR provided to the Project in reliance on Jenkins's promise to guarantee payment of all debts incurred by W4 pursuant to the KR Subcontract.

47. W4's and Jenkins's failures to pay for KR's services amount to bad faith.

48. As a direct and proximate result of W4's and Jenkins's breach of the implied covenant of good faith and fair dealing, KR has incurred, and continues to incur, damages of not less than the principal amount of $48,284.90 plus on-going interest, attorneys' fees, and costs.

49. KR is therefore entitled to judgment against W4 and Jenkins as set forth below in the Prayer for Relief.

## FOURTH CLAIM FOR RELIEF
### (Quasi Contract, Unjust Enrichment and/or Quantum Meruit – Against W4)

50. KR hereby incorporates by reference the allegations set forth above as if fully set forth herein.

51. If for any reason the trier-of-fact in this case fails to identify the existence of an enforceable and binding contract as alleged herein, KR asserts an alternative claim for Quasi Contract, Unjust Enrichment and/or Quantum Meruit.

52. KR has provided the labor and materials for W4's benefit, and it has thereby conferred a benefit upon W4 with a reasonable expectation of being compensated in an amount equal to the value of the materials and supplies it has provided.

53. Among other things, KR, in justifiable and reasonable reliance on W4's promise to pay, provided the materials and supplies to improve the Project.

54. To permit W4 to retain the benefit it received without fully compensating KR would result in an unconscionable and unjust enrichment of W4 at KR's expense.

55. W4 was fully aware of the benefit conferred upon it by KR.

56. KR did not act as a volunteer or an intermeddler in connection with the materials and supplies it provided to W4.

57. KR is therefore entitled to judgment against W4 as set forth below in the Prayer for Relief.

## FIFTH CLAIM FOR RELIEF
### (Miller Act/Payment Bond Claim—Against Great American and W4)

58. KR hereby incorporates by reference the allegations set forth above as if fully set forth herein.

59. In accordance with the Miller Act, W4 obtained the Bond from Great American for the protection of all persons supplying labor and material in carrying out the work under the Prime Contract.

60. Pursuant to the Bond, Great American as surety, and W4 as principal, agreed to ensure payment to all persons contracting with W4 who furnished labor, materials, services, and/or equipment for the Project.

61. KR was in direct privity of contract with W4 in providing labor, materials, services, and/or equipment to the Project under the Prime Contract.

62. All conditions precedent to the obligation of Great American and W4 to make payment to KR have been performed or otherwise satisfied.

63. This action has been filed within one year from the date on which the last work was performed by KR on the Project.

64. As a consequence of W4's failure to pay KR, and pursuant to the terms of the Bond, Great American and W4 are liable for the full amounts due KR under the KR Subcontract, which is an amount not less than $48,284.90, which is owed to KR for the

labor, materials, services, and equipment provided to the Project, in addition to interest, attorneys' fees, and costs to the extent provided by law or contract.

65. KR is therefore entitled to judgment against W4 as set forth below in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, KR prays for judgment against Defendants as follows:

1. On KR's First Claim for Relief, asserting a claim for breach of contract against W4, for KR's general, compensatory, and consequential damages, in an amount of not less than $48,284.90, together with pre- and post-judgment interest, attorneys' fees, and costs as provided by the KR Subcontract or by law.

2. On KR's Second Claim for Relief, asserting a claim for breach of personal guaranty against Jenkins, for KR's general, compensatory, and consequential damages resulting from Jenkins's breach of the Guaranty, in an amount not less than the principal amount of $48,284.90, together with pre- and post-judgment interest, attorneys' fees, and costs as provided by the KR Subcontract or by law.

3. On KR's Third Claim for Relief, asserting a claim for breach of the implied covenant of good faith and fair dealing against W4 and Jenkins, for KR's general, compensatory, and consequential damages, in an amount of not less than $48,284.90, together with pre- and post-judgment interest, attorneys' fees, and costs as provided by the KR Subcontract or by law.

4. On KR's Fourth Claim for Relief, asserting a claim for quasi contract, unjust enrichment, and/or quantum meruit against W4, for KR's general and compensatory

damages resulting from W4's unjust enrichment, the exact amount to be established at the trial of this matter.

   5. On KR's Fifth Claim for Relief, asserting a claim under the Miller Act, for a judgment against W4 and Great American, jointly and severally, in the principal amount of $48,284.90, together with pre- and post-judgment interest, attorneys' fees, and costs as provided by the KR Subcontract or by law.

   DATED this 31st day of October, 2024.

               BENNETT TUELLER JOHNSON & DEERE

               */s/ Eric G. Goodrich*
               Eric G. Goodrich
               KC Hooker
               *Attorneys for KR Plumbing & Mechanical, LLC*